BENJAMIN HILL *vs.* LUCIUS PACKARD.

Androscoggin. Opinion February 6, 1879.

*Verdict. New trial.*

Although evidence of request is necessary to entitle one to recover for services performed, yet the law does not require direct evidence. It may be proved by circumstances.

A verdict will not be set aside on the ground of being against the weight of evidence, unless it is clearly so.

ON MOTION, to set aside the verdict, and for new trial.

ASSUMPSIT upon account annexed.

The action was commenced by Benjamin Hill in his lifetime. Since his decease administration upon his estate has been commenced, and Rufus Prince, the administrator, comes in and prosecutes this suit.

The case shows that all the items of the plaintiff's account

annexed to the writ, pro and con, are admitted, except the item for hauling 51,357 feet of hemlock logs, at $3.50 per thousand= $179.75.

Other facts are sufficiently stated in the opinion.

*N. Morrill*, for the plaintiff.

*G. C. & C. E. Wing*, for the defendant.

WALTON, J. This is an action of assumpsit upon an account annexed to the writ. The only controverted item in the plaintiff's bill of particulars is the charge of $179.75 for hauling hemlock logs. The defendant claimed, at the trial, that this labor was performed under a special contract that the plaintiff should be paid by having half the logs at the mill. But the plaintiff being dead, and the administrator knowing nothing of the facts, and not offering himself as a witness, the defendant could not testify; and the evidence of such a special contract was very shadowy. The defendant's counsel then contended, and the jury were instructed by the court, that the plaintiff could not recover for this item, unless he had satisfied them that the labor was performed at the defendant's request; and, there being no direct evidence of such a request, the defendant moves to have the verdict (which was for the plaintiff for this item as well as the others) set aside and a new trial granted, upon the ground that the verdict is clearly against the weight of evidence; and the only question is whether the motion ought to be sustained.

We think not. The law does not require direct evidence of a request. It may be proved (as many other facts in the trial of causes may be proved) by circumstantial evidence. The relations of the parties, the kind and amount of labor performed, and whether with or without the defendant's knowledge, will ordinarily furnish satisfactory proof upon this point. We suppose the jury could not believe that a laboring man would voluntarily and unsolicited haul fifty thousand feet of lumber from the woods to a mill, a distance of three or four miles, or that the owner of the logs would allow him to do so, unless there was some contract or agreement between them that would be tantamount to a request; and we are not prepared to say that their finding upon this point

was not correct. Certainly the verdict is not so clearly against the weight of evidence as to require us to set it aside.

*Motion overruled. Judgment*
*on the verdict.*

APPLETON, C. J., BARROWS, VIRGIN and LIBBEY, JJ., concurred.